CHARLES R. MILLIKEN *vs.* JOHN HOUGHTON.

Oxford. Opinion April 14, 1903.

*Deed. Tax Title. Sale. Return by Town Treasurer. Insolvent Law. R. S.,
c. 6, §§ 188, 189; c. 70, § 33.*

1.   In making return of his doings in selling land of a non-resident for non-payment of town taxes, the town treasurer should state facts showing that no bid could be obtained for less than the whole land and that it was necessary to sell the whole land in order to obtain the amount of the tax and costs.

3.   A statement in such return that "it became necessary to sell the whole amount of the real estate" without any statement of facts showing such necessity, is a statement of the treasurer's opinion only, and is not sufficient to sustain a title under such sale.

4.   An assignment under the insolvent law R. S., c. 70, § 33, does not require a seal.

5.   In a real action where no rents or profits are sued for, no allowance can be made for taxes paid by the defendant.

On report.   Judgment for plaintiff.

Real action to recover possession of lot 8, range 12, in the town of Byron, Oxford County, known as the Hiram Gilcreasse farm.

The defendant relied on a tax title.

The parties agreed that if the court find the title to be in the plaintiff, the court may also determine whether the defendant had any right to be re-imbursed for taxes paid by him and interest thereon.

*E. Foster and O. H. Hersey*, for plaintiff.

*G. D. Bisbee and R. T. Parker*, for defendant.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J.   The defendant's claim of title rests solely on a tax sale and deed by the treasurer of the town of Byron for non-payment of a town tax assessed in 1885 to the then non-resident owner.   The statutes (1883) R. S., ch. 6, §§ 188 and 189, were then in force.   It

was explicitly declared by the court in construing that statute in *Ladd* v. *Dickey*, 84 Maine, 190, at the bottom of page 194, that to show a valid sale "it should appear that he exposed for sale and sought offers for a fractional part of said premises sufficient to pay the tax and legal charges, and that he could obtain no bid therefor. It is not sufficient for him to say that it was necessary to sell the whole amount so assessed and advertised, no person offering to pay the tax and legal charges for a smaller fractional part of said real estate. It must appear that he tried to obtain an offer for the payment of the tax and legal charges for a fractional part of the premises without success."

The treasurer sold the whole tract, but we nowhere find, either in the recitals in the tax deed, or in the treasurer's return of his doings, or any where else, the evidence that the treasurer "sought offers for a fractional part", or "tried to obtain an offer for the payment of the tax and legal charges for a fractional part of the premises without success." The most the treasurer says is that "it became necessary to sell the whole amount of the real estate so assessed and advertised as no person would pay the taxes, interest and legal charges for a less amount of said real estate." This is merely a statement of the treasurer's opinion, viz: that he thought no person would pay the taxes, &c., for a less amount, and that, therefore, he thought it was necessary to sell the whole amount. The fact might have been different. Had he "sought offers for a fractional part" or "tried to obtain an offer" therefor, as the court said in *Ladd* v. *Dickey*, supra, was his duty, he might perhaps have been successful. Had he done so and without success, and so stated in his return, it would then have been apparent to the court that it was necessary to sell the whole tract. As it is, the necessity does not appear and we must therefore hold the sale, being of the whole tract, to be invalid.

The plaintiff shows a prima facie title by a chain of deeds from a former acknowledged owner. The only objection seriously made to his prima facie title is that, where it passed through the insolvency court, neither the seal of the court nor of the judge was affixed to the instrument of assignment by which the judge assigned and conveyed the insolvent's property to the assignees in the case. The statute

(1883) R. S., ch. 70, § 33, then in force did not require any seal. "An instrument under his hand" was all that was required. After considering all the objections suggested, we are satisfied the plaintiff has sufficient title to maintain this action.

By the terms of the report, if the court find the title is in the plaintiff, it is to determine whether the defendant has any right to be re-imbursed for taxes paid and interest on same. This is an action at law, a real action, in which no rents and profits are claimed, and, as the case is now presented, no right of re-imbursement is shown by the defendant. He is, and presumably has been, in possession taking the rents and profits if any. When he is asked to account for these, he may perhaps raise the question of allowance for taxes paid.

*Judgment for the plaintiff for title and possession and for one dollar of damage.*